**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **v.** | : | **Case No. 5:19-cr-37-MTT-CHW-1** |
| **ROBERT LAW,** | : | |
| **Defendant.** | : | |

**ORDER**

Defendant Robert Law pled guilty to one count of conspiracy to possession with intent to distribute cocaine as charged in a superseding information (Docs. 95, 97, 99, 121), and on September 4, 2020, he was sentenced to serve 188 months in prison, consecutive to two state court cases, followed by 3 years of supervised release. (Doc. 135). Defendant filed a *pro se* motion to reduce his sentence (Doc. 186), which the Court denied on October 1, 2024. (Doc. 188).

Defendant, again *pro se*, has now requested that he be provided with several documents at the Court's expense, including his trial, plea, and sentencing transcripts. (Doc. 189). Defendant states that he is entitled to the documents because he is indigent and has never before obtained his case documents. (*Id*.) It also appears that Defendant wants these documents to help him file a future post-conviction motion. (*Id*.) For the reasons that follow, Defendant's motion (Doc. 189) is **DENIED**.

Defendant's motion is without merit, first because the requested transcripts do not appear upon the docket and there are no such transcripts to provide. There is no "trial transcript" because Defendant pleaded guilty, and the Court's docket does not contain a transcript from Defendant's plea or sentencing hearing. *See* (Docket). Even if the requested transcripts had been docketed, Defendant would still not be entitled to free copies of the records. The docket shows that there is

no post-conviction challenge pending before the Court. The absence of a post-conviction motion means that Defendant would not be entitled to free copies of a transcript at this time. *See United States v. Hernandez*, 431 Fed. App'x 813, 813 (11th Cir. 2011) (finding that the district court properly denied "a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)[1] (concluding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without costs.").

Next, Defendant is not entitled to the documents that he seeks because discovery in anticipation of filing a §2255 motion or other post-conviction motion is not permitted. *United States v. Cuya*, 964 F.3d 969 (11th Cir. 2020); *see also Id*. at 972 (citing *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970) ("We have consistently help that where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense under 28 U.S.C. § 2255 to search the record for possible error.") Defendant is able to file a post-conviction motion without the documents he seeks. *See, e.g.*, *Daniele v. United States*, 740 F. App'x 973 (11th Cir. 2018) (rejecting an equitable tolling argument for a § 2255 motion because defendant did not have access to his criminal case file despite repeated requests). Defendant's indigency, likewise, does not change this outcome. *See United States v. Adamson*, 681 Fed. App'x 824, 827 (11th Cir. 2017) (explaining that a defendant, post-conviction, "is not entitled to obtain copies of court records at the government's expense to

---

[1] Fifth Circuit decisions "handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

search for possible defects merely because he is an indigent.") (quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973)).

Accordingly, Defendant's request for documents (Doc. 189) is **DENIED**. The Clerk of Court is **DIRECTED** to send Defendant a copy of the docket sheet. Defendant is advised that copies of case records are available at the cost of $.50 per page.

Defendant has submitted a letter (Doc. 190) which suggests that he did not receive the Court's order denying his motion to reduce sentence. As a courtesy, the Clerk of Court is also **DIRECTED** to send a copy of the order (Doc. 188) to Defendant.

**SO ORDERED AND DIRECTED**, this 23rd day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge